IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JACK FERM, an individual,<br><br>                    Plaintiff,<br><br>v.<br><br>AGRITECH PROPERTIES, INC., a corporation, DON GORDON, an individual, MICHAEL ORGAN, an individual, ANDY JAGPAL, an individual, RICHARD CINDRIC, an individual, GLOBAL OIL AND GAS RECOVERY CORP., a corporation, and JOHN AND JANE DOES I-X,<br><br>                    Defendants. | MEMORANDUM DECISION AND ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE<br><br><br>Case No. 4:26-cv-00029-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

This matter is before the Court on Plaintiff's Ex Parte Motion for Service by Alternative Method ("Motion").[1] For the reasons discussed below, the Court will deny in part and grant in part Plaintiffs' Motion.

## I. BACKGROUND

Plaintiff filed this action on March 16, 2026, asserting claims of fraud, breach of contract, unjust enrichment, interference with economic relations, and civil conspiracy, and seeking damages of $4,500,000.[2] Plaintiff concurrently filed a Motion requesting that he be permitted to serve process on Defendants via email.[3] In his Motion, Plaintiff asserts that he has invested time and effort into finding addresses for the named Defendants, and because of the alleged difficulty

---

[1] Docket No. 2, filed March 16, 2026.

[2] Docket No. 1.

[3] Docket No. 2.

of providing traditional service and cost of the task (all but one of the Defendants are said to be located in Canada), Plaintiff now seeks an order for alternative service so that all Defendants may be served via e-mail.[4]

## II. DISCUSSION

Federal Rule of Civil Procedure 4 governs service of process. Because Defendants are entities and individuals who have both domestic and foreign citizenship, Rules 4(h) and 4(f) govern. After addressing the requirements of the rules, the Court addresses Plaintiff's request to utilize email as alternative for traditional service of process.

a. *Federal Rules 4(h), 4(e), and Domestic Defendant Global Oil & Gas Recovery Corp.*

Plaintiff alleges that Global Oil & Gas Recovery Corp. ("Global Oil") is a "private Delaware corporation operating in the States of Kansas and Texas," but lists Global Oil's address as a Canadian one.[5] However, Plaintiff included the Finder's Fee Agreement as an exhibit to his Complaint which explicitly outlines that Global Oil has not just one, but two domestic addresses: one in Oregon and one in Kansas.[6]

Federal Rule of Civil Procedure 4(h)(1)(A) states: "[u]nless federal law provides otherwise, . . . a domestic or foreign corporation . . . must be served: in the manner prescribed by Rule 4(e)(1) for serving an individual; or by delivering a copy of the summons and of the complaint to an officer, a managing or a general agent, or any other agent authorized by

---

[4] *Id.* at 3–5.

[5] Docket No. 1, ¶ 8.

[6] Docket No. 1-1, at 2. Additionally, a brief internet search provides that the company has the same two domestic addresses in Oregon and in Kansas. *See* GLOBAL OIL & GAS RECOVERY CORP., "Contact Us," https://globaloilandgasrecovery.com/contact, https://perma.cc/T8MF-VSM2.

appointment or by law to receive service of process[.]" Federal Rule 4(e)(1) establishes that service may be effectuated "by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Therefore, pursuant to Federal Rule of Civil Procedure 4(h)(1), as Global Oil is a domestic corporation, service of process may be accomplished as permitted by Utah law. Utah Rule of Civil Procedure 4(d)(1)(E) establishes that service upon a corporation must be completed in much the same way as provided by Federal Rule of Civil Procedure 4(h)(1):

> [Service on a corporation is effectuated] by delivering a copy of the summons and complaint to an officer, a managing or general agent, or other agent authorized by appointment or law to receive process and by also mailing a copy of the summons and complaint to the defendant, if the agent is one authorized by statute to receive process and the statute so requires. If no officer or agent can be found within the state, and the defendant has, or advertises or holds itself out as having, a place of business within the state or elsewhere, or does business within this state or elsewhere, then upon the person in charge of the place of business.

Here, Plaintiff has not yet attempted service on Global Oil, either in a manner consistent with Federal Rule 4(h), or by any other method. Therefore, without any evidence that serving Defendant Global Oil pursuant to federal and state rules would prove fruitless, the Court orders Plaintiff to attempt service pursuant to this Rule before requesting alternate methods of service. Plaintiff's Motion as regards Defendant Global Oil is denied at this juncture.

   b.  *Federal Rules 4(h) and 4(f), Foreign Defendants*

Plaintiff also alleges that the remaining Defendants have addresses in British Columbia, Canada.[7] As to foreign corporations and individuals, Rule 4(f) permits foreign defendants to be served:

---

[7] Docket No. 2, at 2–3.

(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice: . . .

(3) or by other means not prohibited by international agreement, as the court orders.

"Courts interpreting Rule 4(f) have concluded it does not create a hierarchy of preferred methods of service, and parties are not required to comply with Rule 4(f)(1) or (2) before seeking service under Rule 4(f)(3)."[8] So long as the method of service "comport[s] with constitutional notions of due process" and is not "prohibited by international agreement,"[9] it is permissible. The Supreme Court has determined that "due process requires service of process that is 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'"[10]

Applicable here, Canada is a signatory to the Hague Convention, which "does not expressly prohibit service by email."[11] Consequently, email has been permitted as a method of service comporting with constitutional notions of due process by the Court in this district and other jurisdictions when traditional methods of service prove difficult.[12] "Ultimately, and in

---

[8] *Love-Less Ash Co., Inc. v. Asia Pac. Constr., LLC*, No. 2:18-cv-00595-CW-DAO, 2021 WL 3679971, at *2 (D. Utah Aug. 19, 2021) (citing *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002), and collecting cases).

[9] *Inception Mining, Inc. v. Mother Lode Mining, Inc.*, No. 2:24-00171-CMR, 2024 WL 4696749, at *2 (D. Utah Nov. 6, 2024) (quoting *Rio Props.*, 284 F.3d at 1015).

[10] *Id.* (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)).

[11] *Blackbird Cap. LLC v. Worth Grp. Cap., LLC*, No. 2:21-cv-00037, 2022 WL 464234, at *2 (D. Utah, Feb. 15, 2022).

[12] *See Heidicker v. Wasabi Ent., et al.*, No. 2:24-cv-00713-CMR, 2025 WL 1114205, at *2 (D. Utah Apr. 15, 2025) (permitting email service when the defendants were alleged to be avoiding service and when the plaintiff had previously successfully communicated with the

compliance with international agreement, the decision to order service of process under Rule 4(f)(3) is committed to the sound discretion of the district court."[13]

Here, Plaintiff explains that he has previously communicated with each of the individual Defendants via email in an effort to "resolve their issues and avoid this litigation," and asserts that the "email addresses are correct."[14] Furthermore, Plaintiff expresses concern over his financial incapability on his limited income to afford the costs of traditional service in Canada.[15] For these reasons, the Court concludes that emailed service is appropriate in Plaintiff's case. Notably, Plaintiff asserts that Defendants Don Gordon and Michael Organ are both a "director and controlling officer of" Defendant Agritech Properties, and as "service to the principal of a business is a method reasonably calculated to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections,"[16] emailing these individuals should appropriately apprise Defendant Agritech Properties of this case. Therefore, as to the foreign Defendants, Plaintiff's request to serve the appropriate documents on Defendant's via email is granted.

---

defendants via email); *Love-Less Ash Co., Inc.*, 2025 WL 1114205, at *2 (permitting emailed service when the defendant would not provide a physical address for the plaintiff to send service); *Inception Mining*, 2024 WL 4696749, at *2 (permitting service by email when previous traditional attempts proved unfruitful); *Blackbird Cap.*, 2022 WL 464234, at *2 (permitting emailing service on a Canadian defendant at an email that had been successfully used for prior communications).

[13] *Heidicker*, 2025 WL 1114205, at * 2.

[14] Docket No. 2, at 4.

[15] *Id.* at 5.

[16] *See Inception Mining,* 2024 WL 4696749, at *2 (internal quotation marks and citation omitted).

### III.  CONCLUSION

Having considered Plaintiff's Motion, and for good cause appearing, it is therefore ORDERED:

(A) Plaintiff's Ex Parte Motion for Service by Alternative Method (Docket No. 2) is DENIED as to Defendant Global Oil, and GRANTED as to the remaining Defendants.

(B) Plaintiff must serve a copy the Summons and Complaint upon Defendant Global Oil pursuant to Rule 4 of the Federal Rules of Civil Procedure as set forth herein;

(C) Plaintiff may effect service of his Complaint on the foreign Defendants by sending the Summons and Complaint to the Defendants' respective email addresses with a "request read receipt" and "request delivery receipt" function applied, three times per week for two consecutive weeks, not more often than once every other day (unless a written response is received from the Defendants acknowledging receipt).

(D) Plaintiff must serve a copy of this signed Order Granting Plaintiff's Motion as to the foreign Defendants with the Summons and Complaint.

(E) Service of the Summons and Complaint as to the foreign Defendants will be complete once Plaintiff receives confirmation that the Summons and Complaint have been sent to and received by the Defendants.

(F) Plaintiff is required to file a declaration or proof of service once service on all Defendants is complete.

IT IS SO ORDERED.

DATED this 20th day of March, 2026.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge

7