IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

|  |  |
|---|---|
| JACK FERM, an individual,<br><br>Plaintiff,<br><br>v.<br><br>AGRITECH PROPERTIES, INC., a corporation, DON GORDON, an individual, MICHAEL ORGAN, an individual, ANDY JAGPAL, an individual, RICHARD CINDRIC, an individual, GLOBAL OIL AND GAS RECOVERY CORP., a corporation, and JOHN AND JANE DOES I-X,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY<br><br><br>Case No. 4:26-cv-00029-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

This matter is before the Court on Plaintiff's Motion to Disqualify.[1] Plaintiff seeks to disqualify counsel who has entered an appearance on behalf of all Defendants ("Counsel"). Plaintiff argues that Counsel's joint representation violates Rule 3-1.07 of the Utah Rules of Professional Conduct. For the reasons discussed below, the Motion is denied.

## I.  BACKGROUND

Plaintiff filed this action on March 16, 2026. Plaintiff brings claims against two entities and four individuals arising out of their alleged failure to pay Plaintiff a finder's fee in accordance with an agreement Plaintiff entered with Richard Cindric.[2] Plaintiff brings claims for breach of contract, quantum meruit, inducing breach of contract, fraud, interference with economic relations, and civil conspiracy.

---

[1] Docket No. 37, filed April 14, 2026.

[2] Docket No. 1-1.

1

Counsel entered an appearance on behalf of all Defendants on April 13, 2026.[3] Defendants sought and received an extension to file their responsive pleading.[4] Defendants have now moved to dismiss.[5] Plaintiff filed the instant Motion the day after Counsel entered his appearance.[6]

## II.  DISCUSSION

"The control of attorneys' conduct in trial litigation is within the supervisory powers of the trial judge and is thus a matter of judicial discretion."[7] "A district court has broad discretion in imposing the remedy of disqualification."[8] However, federal courts view motions for disqualification with extreme caution and rarely grant them.[9]

"Motions to disqualify are governed by two sources of authority."[10] "First, attorneys are bound by the local rules of the court in which they appear."[11] "Second, because motions to disqualify counsel in federal proceedings are substantive motions affecting the rights of the parties, they are decided by applying standards developed under federal law."[12]

Under this Court's local rules, attorneys are bound by the Utah Rules of Professional

---

[3] Docket No. 34.

[4] Docket Nos. 35, 36.

[5] Docket No. 42.

[6] Docket No. 37.

[7] *Cole v. Ruidoso Mun. Schs.*, 43 F.3d 1373, 1383 (10th Cir. 1994) (internal quotation marks and citation omitted).

[8] *Weeks v. Indep. Sch. Dist. No. I-89*, 230 F.3d 1201, 1211 (10th Cir. 2000).

[9] *Parkinson v. Phonex Corp.*, 857 F. Supp. 1474, 1480 (D. Utah 1994), *R. & R.*

[10] *Cole*, 43 F.3d at 1383.

[11] *Id.*

[12] *Id.*

Conduct.[13] Utah Rule of Professional Conduct 3-1.07(a) provides that "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest." Plaintiff claims that Counsel's joint representation of all Defendants presents such a conflict because Defendants are likely to have divergent and antagonistic interests in this litigation.

As an initial matter, the Court must decide whether Plaintiff can assert the alleged conflict. "As a general rule, courts do not disqualify an attorney on the grounds of conflict of interest unless the former client moves for disqualification."[14] "An exception exists, however, where the interests of the public are so greatly implicated that third parties . . . are found to be entitled to raise any apparent conflicts of interest which may tend to undermine the validity of the proceedings."[15] Here, there is nothing to suggest that Plaintiff is a former client of Counsel or that the alleged conflict rises to the level that would warrant disqualification. Therefore, Plaintiff lacks standing to seek disqualification.

Next, even assuming Plaintiff had standing, the Court finds that Plaintiff has not established the existence of a conflict that would warrant disqualification. Plaintiff posits certain hypotheticals to support that Defendants' interest are misaligned. However, these hypotheticals are insufficient to meet Plaintiff's burden.[16] Given the current record, the Court is unable to conclude that a violation of Counsel's ethical duties warranting disqualification has occurred.

---

[13] DUCivR 83-1.1(d)(1).

[14] *Beck v. Bd. of Regents of State of Kan.*, 568 F. Supp. 1107, 1110 (D. Kan. 1983) (citing *In Re Yarn Processing Pat. Validity Litig.*, 530 F.2d 83, 88 (5th Cir. 1976); *Black v. Missouri*, 492 F. Supp. 848 (W.D. Mo. 1980)).

[15] *Id.*

[16] *Procter & Gamble Co. v. Haugen*, 183 F.R.D. 571, 574 (D. Utah 1998) ("[A] speculative conflict is insufficient for disqualification.").

Even if the Court found a violation of the ethical rules, the mere violation of a rule of professional conduct does not automatically require disqualification.[17] The sanction of disqualification of counsel should be measured by the facts of each particular case as they bear upon the impact of counsel's conduct upon the trial.[18] Disqualification is an appropriate remedy where the offending conduct threatens to taint the underlying trial or legal system with a serious ethical violation.[19] Thus, the party seeking disqualification bears the burden of persuasion and must adequately show how the participation of the attorney for the remainder of the case would taint the litigation.[20] Where a threat of tainting the trial does not exist, litigation should proceed with "the remedy for unethical conduct lying in the disciplinary machinery of the state and federal bar."[21]

When determining whether the offending conduct threatens to taint the trial, courts consider several factors, including: (1) the egregiousness of the violation, (2) the presence or absence of prejudice to the other side, (3) whether and to what extent there has been a diminution of effectiveness of counsel, (4) hardship to the other side, and (5) the stage of the trial proceedings (i.e., if discovery has closed, disqualification is not necessary).[22] None of these factors weigh in favor of disqualification at this juncture.

---

[17] *World Youth Day, Inc. v. Famous Artists Merch. Exch.*, 866 F. Supp. 1297, 1303 (D. Colo. 1994).

[18] *Parkinson v. Phonex Corp.*, 857 F. Supp. 1474, 1476 (D. Utah 1994), *Order adopting R. & R.*

[19] *Id.*

[20] *Id.* at 1480, *R. & R.*

[21] *Id.* at 1476, *Order adopting R. & R.* (internal quotation marks and citation omitted).

[22] *Id.*; *see also Vicidiem, Inc. v. Christensen*, No. 2:19-cv-358-DBB-DBP, 2020 WL 5107636, at *4 (D. Utah Aug. 31, 2020); *Gordon v. Jordan Sch. Dist.*, No. 2:17-cv-00677, 2020 WL 4747763, at *2 (D. Utah Aug. 17, 2020).

## III.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion to Disqualify (Docket No. 37) is DENIED.

DATED this 6th day of May, 2026.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge

5