THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| JACK FERM,<br><br>Plaintiff,<br><br>v.<br><br>AGRITECH PROPERTIES; DON GORDON; DR. MICHAEL ORGAN; ANDY JAGPAL; RICHARD CINDRIC; and GLOBAL OIL AND GAS RECOVERY CORP.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER ADOPTING IN FULL REPORT AND RECOMMENDATION**<br><br>Case No. 4:26-cv-00029-DN-PK<br><br>District Judge David Nuffer |

The Report and Recommendation[1] ("R & R") issued by United States Magistrate Judge Paul Kohler on June 10, 2026, recommends granting Defendants Agritech Properties, Richard Cindric, Global Oil and Gas Recovery, Don Gordon, Andy Jagpal, and Dr. Michael Organ's (collectively "Defendants") Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim[2] ("Motion") and denying both parties' remaining seven motions as moot.[3] The parties were notified of their right to file objections to the R & R within 14 days of its service pursuant

[1] Report and Recommendation ("R & R"), docket no. 78, filed June 10, 2026.

[2] Motion to Dismiss for Lack of Jurisdiction ("Motion"), docket no. 8, filed May 8, 2026.

[3] R & R at 1 (*citing* First Motion for Summary Judgment, docket no. 57, file May 6, 2026; Second Motion for Summary Judgment, docket no. 62, filed May 12, 2026; Third Motion for Summary Judgment, docket no. 63, filed May 13, 2026; Motion to Combine Dispositive Motion for Hearing, docket no. 64, filed May 13, 2026; Defendant's Motion to Stay Briefing Pending Ruling on [42] Motion to Dismiss per Rule 56(d), docket no. 66, filed May 15, 2026; Motion for Sanctions, docket no. 69, filed May 15, 2026; Defendant's Motion to Strike [62] Motion for Summary Judgment, [57] Motion for Summary Judgment, [63] Motion for Summary Judgment, docket no. 67, filed May 19, 2026).

to 28 U.S.C. § 636 and Fed. R. Civ. P. 72.[4] On June 14, 2026, Plaintiff Jack Ferm filed an objection to Judge Kohler's R & R in its entirety ("Objection").[5] Defendants do not object.

De novo review has been completed of those portions of the report, proposed findings and recommendations to which objection was made, and of the record that was before Judge Kohler and the reasoning set forth in the R &R.[6] For the reasons stated below, the R & R is ADOPTED IN FULL.

# 1 Contents


2 DISCUSSION ... 2
- 2.1 Mr. Ferm's Objection Does Not Comply with the Local Rules. ... 2
- 2.2 Personal Jurisdiction Exists Only as to the Signatories. ... 5
- 2.3 Mr. Ferm's Objection is Not Specific Enough to Overturn the R & R ... 8

3 ORDER ... 10


# 2 DISCUSSION

Under 28 U.S.C. § 636(b)(1)(C), when a party files an objection to an R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. [The district judge] may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[7] Apart from timely objections, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."[8]

## 2.1 Mr. Ferm's Objection Does Not Comply with the Local Rules.

Under Federal Rule of Civil Procedure 72(b)(2) "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file *specific* written objections to

[4] R & R at 16.

[5] Objection to Report and Recommendation ("Objection"), docket no. 79, June 19, 2026.

[6] 28 U.S.C. § 636(b).

[7] 28 U.S.C. § 636(b)(1)(C).

[8] Fed. R. Civ. P. 72, Advisory Committee Notes.

the proposed findings and recommendations."[9] When a party is objecting to a magistrate judge's R & R, they must follow the local rules as well as the federal rules of civil procedure. "Local rules that are consistent with the national rules have the force of law."[10] "Local rules are primarily housekeeping rules; their purpose is to facilitate operation of the court."[11] "Considerable deference is accorded to the district courts' interpretation and application of their own rules of practice and procedure."[12] Local Rule DUCivR 72-2(a) reads:

> **Objection.** An objection to a magistrate judge's order or report and recommendation filed under Fed. R. Civ. P. 72(a) or (b) may not exceed 15 pages or 4,650 words.[13]

The Tenth Circuit has said "a party's objections to the magistrate judge's report and recommendation must be *both* timely and specific to preserve an issue for de novo review by the district court or for appellate review."[14] In order to be "specific" an objection to a R & R must not be "too long, too verbose, too vague, and too repetitive".[15] Two courts have found that "objections that are 46 pages over the allowable page limit are not 'specific.'"[16] Mr. Ferm's Objection is 77 pages, which is 62 pages above the page limit set by DUCivR 72-2. The

---

[9] Fed. R. Civ. P. 72(b)(2) (emphasis added).

[10] *Nahno-Lopez v. Houser*, 625 F.3d 1279, 1284 (10th Cir. 2010) (*citing* Fed.R.Civ.P. 83(a)(1)).

[11] *Chilelli v. Signify N. Am. Corp.*, No. 25-3031, 2026 WL 522562, at *1, n.2 (10th Cir. Feb. 25, 2026) (*quoting Hernandez v. George*, 793 F.2d 264, 266 (10th Cir. 1986)).

[12] *Id*. (*quoting Smith v. Ford Motor Co.*, 626 F.2d 784, 796 (10th Cir. 1980)).

[13] DUCivR 72-2(a).

[14] *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996) (emphasis added).

[15] *Allison v. Boulder Cnty.*, No. 24-1434, 2025 WL 2169439 at *1 (10th Cir. July 31, 2025).

[16] *New York City Dist. Council of Carpenters Pension Fund v. Forde*, 341 F. Supp. 3d 334 (S.D.N.Y. 2018), *abrogated on other grounds by Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349 (2d Cir. 2025); *Twin Star Energy, LLC v. Bd. of Adjustment of the City of Castle Pines*, No. 21-CV-01451-GPG-NRN, 2024 WL 939220 (D. Colo. Feb. 2, 2024), *appeal dismissed sub nom. Twin Star Energy, LLC v. Bd. of Adjustment of City of Castle Pines*, No. 24-1077, 2025 WL 2495581 (10th Cir. July 17, 2025).

Objection also shows signs of drafting by artificial intelligence.[17] Federal courts often strike briefs that do not comply with local rules, which the Tenth Circuit has upheld.[18] Instead, this order confine review to Mr. Ferm's one meritorious objection.

In his Objection Mr. Ferm raises four objections he calls "fundamental legal errors."[19] The only meritorious objection is Mr. Ferm's third objection. Mr. Ferm's third objection is: "the Recommendation applies the wrong jurisdictional standard by failing to apply the *Calder v. Jones*, 465 U.S. 783 (1984), 'effects test,' which governs specific jurisdiction where a defendant intentionally directs conduct at the forum knowing the resulting injury will be suffered there by a forum resident."[20] Federal courts must "address jurisdictional issues first, before proceeding to the merits"[21] because "a court must have jurisdiction before it can rule on the merits."[22]

The remainder of Mr. Ferm's Objection is "too long, too verbose, too vague, and too repetitive"[23] to be considered specific enough for de novo review. The last 37 pages of Mr. Ferm's objection devolves into a series of bullets points that are a clear example of "A.I. Slop."[24]

---

[17] Mr. Ferm "is cautioned against the possible use of artificial intelligence to draft memorandums." *Christoffersen v. Nucor Corp.*, No. 4:25-CV-00118-DN-PK, 2026 WL 1623190, at *2 n.15 (D. Utah June 5, 2026); *Carey v. Breakell*, No. 4:25-CV-00108-AMA-PK, 2026 WL 2199063, at *3 (D. Utah July 30, 2026) ("The Court does not take suggestions of the improper use of artificial intelligence lightly."); *Hack v. Preston*, No. 4:25-CV-00096-DN, 2026 WL 2279536, at *1 (D. Utah Aug. 7, 2026) (*quoting Picon-Diaz v. Bondi*, No. 25-9530, 2026 WL 412348, at *5 (10th Cir. Feb. 13, 2026)) ("The Tenth Circuit has held that while '[t]here is nothing inherently problematic with the use of artificial intelligence in the practice of law[;] its careless use can waste both judicial resources and the opposing party's time and money, and it can damage the credibility of the legal system.').

[18] *Fox v. Noram Energy Corp.*, 198 F.3d 257 (10th Cir. 1999).

[19] Objection at 6.

[20] *Id*. at 8.

[21] *Universitas Educ., LLC v. Avon Cap., LLC*, 124 F.4th 1231, 1241 (10th Cir. 2024), *cert. denied*, 146 S. Ct. 95, 223 L. Ed. 2d 9 (2025), *reh'g denied*, 146 S. Ct. 842, 223 L. Ed. 2d 252 (2025)

[22] *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1245 (10th Cir. 2007).

[23] *Allison v. Boulder Cnty.*, No. 24-1434, 2025 WL 2169439 at *1 (10th Cir. July 31, 2025).

[24] World Econ. Forum, *What Is "AI Slop"?*, https://www.weforum.org/videos/ai-slop/ (last visited Aug. 11, 2026); *see also Lexos Media IP, LLC v. Overstock.com, Inc.*, No. 22-2324-JAR, 2026 WL 265581, at *12 (D. Kan. Feb. 2, 2026) (*citing* Evan Gorelick, *Vigilante Lawyers Expose the Rising Tide of A.I. Slop in Court Filings*, N.Y. Times (Nov. 11, 2025), at B3 (referencing lawyer and researcher Damien Charlotin's attempt to create online databases tracking cases that deal with fabricated cases generated by A.I. and noting at that time that he had documented 509

### 2.2 Personal Jurisdiction Exists Only as to the Signatories.

Mr. Ferm and Mr. Cindric both signed a Written Finder's Fee Agreement ("Agreement").[25] According to the Agreement Global Oil would pay Mr. Ferm a fee upon "the successful close of the Public Company Reverse Merger and financing."[26] The Agreement contains a forum selection clause that reads as follows:

> GOVERNING LAW; VENUE, THIS AGREEMENT HAS BEEN EXECUTED IN AND SHALL BE GOVERNED EXCLUSIVELY BY THE LAWS OF THE STATE OF UTAH, U.S.A. WITHOUT GIVING EFFECTS TO THE CONFLICT OF LAWS RULES THEREOF OR OF ANY STATE, VENUE FOR ANY ACTION BROUGHT HEREUNDER OR PURSUANT TO THIS AGREEMENT SHALL BE PROPER ONLY IN A FEDERAL OR STATE COURT IN WASHINGTON COUNTY, UTAH USA.[27]

Judge Kohler identified a total of three signatories: Global Oil, Richard Cindric (collectively "Global Defendants"), and Mr. Ferm.[28] Judge Kohler's R & R found that because of the forum-selection clause "the Court may properly exercise jurisdiction over the Global Defendants based on the forum selection clause."[29]

Turning to the non-signatory defendants, Judge Kohler found "the Court cannot conclude that this language is broad enough to bind non-signatories to the forum selection clause without offending due process."[30] Judge Kohler then applied the continuing relationships test[31] and the

---

such cases)); *Kim v. Massachusetts Coll. of Pharmacy & Health Scis.*, No. 25-CV-13928-WGY, 2026 WL 1102860 (D. Mass. Mar. 23, 2026) ("Much of this appears to be so-called 'AI slop,' that this Court, upon reflection, finds was intended to harass, disparage and intimidate.")

[25] Exhibit A to the Complaint at 14, docket no. 1-1, filed March 16, 2026.

[26] *Id*. at 4.

[27] *Id*. at 8.

[28] R & R at 7.

[29] *Id*.

[30] *Id*.

[31] *Id*. at 10.

harmful effects test[32] to determine whether there were enough minimum contacts to extend personal jurisdiction to the non-signatories. Judge Kohler found no personal jurisdiction and ultimately recommended "dismissal of Plaintiff's claims against Agritech, Gordon, Organ, and Jagpal without prejudice for lack of personal jurisdiction."[33]

Mr. Ferm only disagrees with Judge Kohler's analysis of the continuing relationships test: "The R & R fails to apply the Supreme Court's controlling purposeful-direction test . . . Defendants intentionally targeted a Utah resident under a Utah contract, knowing the harm would be felt in Utah. This satisfies all three *Calder* elements."[34] Mr. Ferm repeatedly[35] argues that Judge Kohler's analysis is wrong because in *Pohl, Inc. v. Webelhuth*[36] the Utah Supreme Court held "Utah's long-arm statute extends to the full limits of due process and expressly incorporated the United States Supreme Court's *Calder v. Jones* 'effects test.'"[37]

Mr. Ferm's reliance on *Pohl* is misplaced. This is because when a state's long-arm "confers the maximum jurisdiction permissible consistent with the Due Process Clause" then the "first, statutory, inquiry effectively collapses into the second, constitutional, analysis."[38] Since Utah's long-arm statute stretches to the constitutional limit, citing *Pohl* doesn't add anything. *Pohl* just brings us back to the same due process question Judge Kohler attempted to address

[32] *Id*. at 11.

[33] *Id*. at 13.

[34] Objection at 8 (emphasis added).

[35] *Id*. at 8, 14, 22, 24-25, 28-29, 35-36, 50, 54, 63-65, 71-73, 76-77.

[36] 2008 UT 89, 201 P.3d 944.

[37] Objection at 76.

[38] *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063 (10th Cir. 2008); *Carnrick v. Riekes Container Corp.*, No. 15-CV-01899-CMA-KMT, 2016 WL 740998 (D. Colo. Feb. 24, 2016) (*quoting Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008)) ("Because Colorado's long-arm statute 'confers the maximum jurisdiction permissible consistent with the Due Process Clause [of the Fourteenth Amendment to the United States Constitution],' a personal jurisdiction analysis under Colorado's long-arm statue is analytically identical to a due process analysis under the Fourteenth Amendment.")

with the continuing relationships test. There is no reason to focus on *Pohl* when the R & R applies *Calder*.

Mr. Ferm does make a non-*Pohl* related argument based on *Calder*:

> Under *Calder*, specific jurisdiction exists where a defendant (1) commits intentional acts, (2) expressly aimed at the forum, and (3) with knowledge that the brunt of the harm will be felt in the forum. . . . Plaintiff's allegations satisfy all three elements: Defendants intentionally entered a Utah-governed contract with a Utah resident; they directed communications, negotiations, and performance into Utah; they accepted the benefits of Utah-based performance; and they intentionally repudiated the contract knowing the economic injury would be suffered in Utah.[39]

This argument is a conclusory and threadbare recitation of *Calder*, and the argument does not cite where these conclusory facts exist in the record. "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements' do not count as well-pleaded facts."[40]

A de novo review of the Complaint and the Fee Agreement has been conducted. After reviewing both, Judge Kohler is correct that "even affording Plaintiff a liberal reading of his Complaint, the allegations that Defendants expressly aimed their conduct at Utah are sparse, if they exist at all,"[41] and "[t]he fact that the Global Defendants entered into a legal relationship with a Utah resident does not establish sufficient contacts to satisfy the purposeful direction requirement as to the remaining Defendants."[42] "In contrast, it was Plaintiff who reached out to

---

[39] Objection at 29.

[40] *Warnick v. Cooley*, 895 F.3d 746, 751 (10th Cir. 2018) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 678 (2007)).

[41] R & R at 12.

[42] *Id*. at 10.

the Agritech Defendants and any potential ongoing relationships amongst Defendants would have been largely based in Canada."[43]

Mr. Ferm does not point to allegations in the Complaint where the non-signatories reached out to him. Nor were any such facts found. The Objection alleges misapplication by the R & R but presents no meritorious argument that Judge Kohler applied the *Calder* effects test incorrectly. The absence of citations to facts in the Objection supports Judge Kohler's finding that such facts are "sparse, if they exist at all."[44]

Judge Kohler's recommendation that the forum selection clause only confers jurisdiction as to the signatories is ADOPTED. Defendants Agritech, Mr. Gordon, Mr. Organ, and Mr. Jagpal are DISMISSED WITHOUT PREJUDICE for lack of personal jurisdiction.

### 2.3 Mr. Ferm's Objection is Not Specific Enough to Overturn the R & R

Personal jurisdiction is established over the Global Defendants as signatories of the Settlement Agreement. In the Complaint, Mr. Ferm raises claims of (1) anticipatory breach of contract;[45] (2) unjust enrichment/quantum meruit;[46] and (3) civil conspiracy[47] against the Global Defendants.[48] Judge Kohler recommends dismissal of each of these claims.[49]

Mr. Ferm objects to the dismissal of his claims. In an "opening statement" section Mr. Ferm makes clear his objections to Judge Kohler's recommendation for dismissal of his claims:

> Because the R&R treats the claim as if no breach can exist until the merger closes, it necessarily concludes that the claim is "premature," that no contractual obligation was repudiated, that no tortious interference could occur, that no unjust

---

[43] *Id*. at 11.

[44] *Id*. at 12.

[45] Complaint at 8.

[46] *Id*. at 11-12.

[47] *Id*. at 22-24.

[48] R & R at 13-15; Complaint at 8-25.

[49] R & R at 13-16.

> enrichment exists, and that no conspiracy can lie. Each of these conclusions flows directly from the same initial mistake: the R&R's refusal to apply Utah's anticipatory-breach doctrine, which holds that repudiation is actionable immediately and that a party cannot rely on the non-occurrence of a condition it has itself prevented.[50]

Once the Objection moves past its opening salvo, the Objection devolves into 29 pages of bullet point lists that in no way is "specific [enough] to preserve an issue for de novo review by the district court."[51] Mr. Ferm's argument is either a threadbare recitation of his anticipatory breach claim;[52] attempts to raise arguments that were not presented to Judge Kohler;[53] or just one-to-seven-word bullet points.[54] These bullet points do not meet the specificity requirement articulated in Rule 72(b)(2). The inquiry stops here. Proceeding any further requires the reader of Mr. Ferm's Objection to interpret his arguments for him, which turns the reader into a legal advocate.

Mr. Ferm is a pro se litigant, and while it is true that "we are lenient with pro se litigants, we will not construct arguments for [him]."[55] It was Mr. Ferm's responsibility to produce an objection that follows Rule 72(b)(2); that follows Local Rule DUCivR 72-2(a); that makes specific legal objections against Judge Kohler's R & R; and that points to facts found in the record. Mr. Ferm instead offers cryptic bullet points for the reader to construe and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments

---

[50] Objection at 10.

[51] *One Parcel of Real Prop*., 73 F.3d at 1060.

[52] Objection at 38-39.

[53] *Id*. at 39-41.

[54] *Id*. at 65-66.

[55] *Jiron v. Swift*, 671 F. App'x 705, 706 (10th Cir. 2016).

and searching the record."[56] A long and verbose objection, however forcefully stated, cannot substitute for the specific legal argument Rule 72 requires.

Federal courts are obligated to review pro se filings generously; they do not rewrite filings for the pro se party. Mr. Ferm has not met his Rule 72(b) burden in his Objection. Therefore, Judge Kohler's R & R is ADOPTED IN FULL.

## 3 ORDER

IT IS HEREBY ORDERED that Magistrate Judge Paul Kohler's Report and Recommendation[57] is ADOPTED IN FULL.

IT IS FURTHER ORDERED:

1. Defendant's Motion to Dismiss for Lack of Jurisdiction and Motion to Dismiss for Failure to State a Claim is GRANTED;[58]
2. Mr. Ferm's First Motion for Summary Judgment is DENIED AS MOOT;[59]
3. Mr. Ferm's Second Motion for Summary Judgment is DENIED AS MOOT;[60]
4. Mr. Ferm's Third Motion for Summary Judgment is DENIED AS MOOT;[61]
5. Mr. Ferm's Motion to Combine Dispositive Motions for Hearing is DENIED AS MOOT;[62]

---

[56] *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[57] Report and Recommendation, docket no. 78, filed June 10, 2026.

[58] Motion to Dismiss for Lack of Jurisdiction and for Failure to State a Claim, docket no. 42, filed April 28, 2026.

[59] Motion for Summary Judgment, docket no. 57, filed May 6, 2026.

[60] Motion for Summary Judgment, docket no. 62, filed May 12, 2026.

[61] Motion for Summary Judgment, docket no. 63, filed May 13, 2026.

[62] Motion to Combine Dispositive Motions for Hearing, docket no. 64, filed May 13, 2026.

6. Defendant's Motion to Stay Briefing Pending Ruling on [42] Motion to Dismiss is DENIED AS MOOT;[63]

7. Mr. Ferm's Motion for Sanctions is DENIED AS MOOT;[64]

8. Defendant's Motion to Strike [62] Motion for Summary Judgment, [57] Motion for Summary Judgment, [63] Motion for Summary Judgment is DENIED AS MOOT;[65]

9. This matter is DISMISSED WITHOUT PREJUDICE;

10. The Clerk of Court is Ordered to CLOSE THE CASE.

Signed August 24, 2026.

BY THE COURT

David Nuffer,
United States District Judge

[63] Motion to Stay Briefing Pending Ruling on [42] Motion to Dismiss, docket no. 66, filed May 15, 2026.

[64] Motion for Sanctions, docket no. 69, filed May 15, 2026.

[65] Defendant's Motion to Strike [62] Motion for Summary Judgment, [57] Motion for Summary Judgment, [63] Motion for Summary Judgment, docket no. 67, filed May 19, 2026.